Dear Mr. Kirkpatrick:
This opinion is in response to your question asking as follows:
 When a political subdivision, or special district, holds an election on the same day as the state holds a statewide special election, and the county does not have an issue or candidate on the ballot on the same day, how are the costs of the election notices of the state assessed?
You also state:
 Senate Bill 275 recently enacted appears to assess all costs of publication of election notices to the political subdivision or special district holding an election. No mention is made of the state. However, Sections 115.061 and 115.063 RSMo seems to conflict or appear vague as to what portion, if any, the political subdivision or special district must pay of the state publication costs of election notices.
In Att'y Gen. Op. No. 172, Sharpe, September 19, 1979, we concluded that the law of this state leaves the county responsible for all of the costs of a special election at which only the county and the state submit questions or candidates to the voters. A copy of that opinion is enclosed. We noted in that opinion that under § 115.061, RSMo, the state pays the cost of the election only where the state question or candidate is submitted to a vote of all the voters of the state, and no other question or candidate is submitted at the same election. And, it follows that where only one political subdivision or special district submits a question or a candidate at the same election in which the state submits a question or candidate, the political subdivision or special district is responsible for the costs of the election. We also noted in that opinion that under § 115.065, RSMo, except as provided therein, election costs are shared when the county conducts an election at the same time as another political subdivision or special district.
Section 115.065 was amended by Senate Bill No. 275, 80th General Assembly, so that it now provides that costs of publication of legal notice of elections are not to be paid proportionately, and each political subdivision and each special district is to pay for publication of its legal notice of election. Therefore, when costs are shared under § 115.065, the cost of publication of such legal notice is not shared.
We believe that the same is true in the situation that you present in your question. We know of no reasonable formula by which the costs of election notices may be shared when a political subdivision or a special district holds an election at the same time the state holds a statewide election, and the county does not have an issue or candidate on the ballot. It is our view that in such a situation the political subdivision or special district and the state will bear its own costs for the publication of its legal notice of the election.
CONCLUSION
It is the opinion of this office that when only one political subdivision, or special district, holds an election at the same time the state holds a statewide special election and the county does not have an issue or candidate on the ballot, the law of this state leaves the political subdivision or special district responsible for the costs of such election except that the costs of publication of legal notice respecting the special state election is paid by the state and not by the political subdivision or special district.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure